IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PERENCO ECUADOR LTD, ) | |
| ) | |
| Petitioner, ) | |
| ) | Case No. 1:19-cv-02943-KBJ |
| v. ) | |
| ) | |
| THE REPUBLIC OF ECUADOR ) | |
| ) | |
| Respondent. ) | |

**JOINT STATUS REPORT**

Pursuant to the Court's minute order of December 26, 2019, Petitioner Perenco Ecuador Ltd. ("**Perenco**") and Respondent Republic of Ecuador ("**Ecuador**," and together with Perenco, the "**Parties**") submit this joint report on the status of the proceeding before the committee (the "**Committee**") constituted to resolve Ecuador's application (the "**Annulment Application**") for annulment of the Award issued on September 27, 2019 under the Convention for the Settlement of Investment Disputes between States and Nationals of Other States (the "**Award**" and such proceeding, the "**ICSID Annulment Proceeding**").

The Parties respectfully notify the Court that the Committee issued its decision on the Annulment Application (the "**Decision**") on May 28, 2021, concluding the ICSID Annulment Proceeding and lifting the stay of enforcement of the Award. A certified copy of the Decision is attached as Exhibit A to this joint status report. The Committee unanimously decided to "partially annul" the Award, "solely and exclusively as regards the Tribunal's decision to award US$25 million to Perenco's loss of opportunity to extend the Block 7 Participation Contract, and the Tribunal's finding that the OCP ship-or-pay costs were fully tax-deductible." Decision

1

¶ 744(a) (Ex. A) (footnotes omitted).  The Committee held that "[t]he rest of the Award remains unaffected, but as a result of the partial annulment the amount awarded to Perenco Ecuador Limited at paragraph 1023(a) of the Award is US$412,182,000," Decision ¶ 744(b) (Ex. A), instead of US$448,820,400, Award ¶ 1023(a) (Ex. B).  The Committee confirmed that the rest of the Award was "unaffected," including post-award interest on the US$412,182,000 awarded to Perenco in paragraph 1023(a) (as revised by the Decision), the amounts awarded to Perenco under paragraph 1023(c) of the Award, and the amounts awarded to Ecuador and Petroecuador under paragraphs 1023(b), (d), and (e) of the Award.  Decision ¶ 744(b) (Ex. A).

The Decision also provided that "[t]he stay of enforcement of the Award is lifted."  Decision ¶ 744(d) (Ex. A).  As the Parties have previously reported, on October 4, 2019, the Secretary-General of ICSID granted Ecuador's request for a temporary stay of enforcement of the Award (the "**Automatic Stay**").  *See* Joint Stipulation and Order at 2, Dec. 9, 2019, ECF No. 7 (the "**Joint Stipulation**").  On February 21, 2020, the Committee provisionally continued that stay of enforcement until the issuance of the Decision on Annulment (the "**Further Stay**") on the condition that Ecuador provide the Committee:

> with a letter signed by Ecuador's Minister of Finance or the official having full authority to bind Ecuador, committing to pay the Award unconditionally, voluntarily and in full, within 60 days after the Committee decides on the Application for Annulment, if the Application for Annulment were not to be upheld in full or in part, and attesting that such payment shall not be subject to any enforcement proceedings or to the intervention of Ecuador's courts.

*See* Joint Status Report at 2, March 25, 2020, ECF No. 8.  Subsequently, Ecuador's Minister of Economy and Finance, Richard Martínez Alvarado, submitted a letter to the Committee dated April 20, 2020, providing as follows:

> In my capacity as Minister of Economy and Finance of the Republic of Ecuador, in compliance with the Committee's decision of February 21, 2020 in the arbitration proceeding ICSID No. ARB/08/06 between Perenco Ecuador Limited and the Republic of Ecuador, in case Ecuador's application for annulment were

>not to be upheld in full or in part, the Republic of Ecuador commits to pay the Award unconditionally, voluntarily and in full, within 60 days counted as from the decision of the Committee on the application for annulment, without such payment being subject . . . to enforcement proceedings or to the intervention of Ecuador's courts.

*Perenco v. Ecuador*, ICSID Case No. ARB/08/06, Annulment Proceeding, Procedural Order No. 2 ¶ 4 (Ex. C) (citing Letter from Mr. Richard Martínez Alvarado, Minister of Economy and Finance of the Republic of Ecuador to the Members of the Annulment Committee, at 1-2 (20 April 2020)).

On April 21, 2020, the Committee issued Procedural Order No. 2, holding that considering the Minister's letter, "the stay of the award is maintained." *See id.* ¶ 6; Joint Status Report at 2, June 23, 2020, ECF No. 11.

The Further Stay terminated on May 28, 2021. *See* Decision ¶ 744(d) (Ex. A). Accordingly, the date on which (*i*) this Court's stay of the enforcement proceedings before the Court and (*ii*) the 60-day period contemplated in the Committee's Procedural Order No. 2 are set to expire is July 27, 2021. *See* Joint Stipulation at ¶¶ 1-2 (providing that "[a]ll proceedings in this Court are stayed" and that the stay "shall remain in effect for 60 days following expiration of the Automatic Stay or expiration of the Further Stay, whichever is later, unless otherwise ordered by the Court"); Minute Order, Dec. 26, 2019 (construing the Joint Stipulation "as a motion to stay and, so construed, GRANTING the motion").

Perenco has calculated that the amount that will be due to Perenco as of July 27, 2021 under paragraphs 1023(a) (as revised by the Decision) and 1023(c) of the Award if Ecuador does not satisfy the Award "unconditionally, voluntarily and in full" before that date is US$455,182,086, subject to additional post-Award interest until full and final payment; net of the amounts due to Ecuador and Petroecuador under paragraphs 1023(b), (d), and (e) of the Award, that amount is US$391,553,482, subject to additional post-Award interest until full and

3

final payment. *See also* Petition to Enforce Arbitral Award ¶¶ 28, 37, and Prayer for Relief, Oct. 1, 2019, ECF No. 1 (seeking an order enforcing the Award and entering judgment on the net amount due to Perenco). Ecuador is studying Perenco's calculation and reserves its rights with respect thereto. If, and to the extent that, the Parties reach agreement on the net amount due to Perenco under the Award, they will file a supplemental joint status report on or before July 27, 2021.

Ecuador is due to respond to Perenco's Petition to Enforce Arbitral Award on July 28, 2021. Joint Stipulation at ¶ 3.

Dated: June 21, 2021

| | |
|---|---|
| /s/ Mark W. Friedman | /s/ Alexandre de Gramont |
| Mark W. Friedman | Alexandre de Gramont |
| D.D.C. Bar No. NY0328 | D.C. Bar No. 430640 |
| Debevoise & Plimpton LLP | Dechert LLP |
| 919 Third Avenue | 1900 K Street, N.W. |
| New York, NY 10022 | Washington, DC 20006 |
| mwfriedman@debevoise.com | alex.degramont@dechert.com |
| Ph: (212) 909-6000 | Ph: (202) 261-3300 |
| | |
| *Attorneys for Petitioner* | *Attorneys for Respondent* |
| *Perenco Ecuador Ltd.* | *Republic of Ecuador* |