IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PERENCO ECUADOR LTD., | ) |
| *Petitioner*, | ) |
| v. | ) |
| | ) Case No. 19-cv-02943-KBJ |
| THE REPUBLIC OF ECUADOR, | ) |
| *Respondent*. | ) |
| | ) |

**PETITIONER'S UNOPPOSED MOTION FOR AN EXTENSION OF TIME**

Petitioner Perenco Ecuador Ltd. ("Perenco"), by and through undersigned counsel, moves

to extend until August 23, 2021 the deadline for its reply to the Respondent's Partial Opposition

to Petition to Enforce Arbitral Award and Cross-Motion for Setoff ("Partial Opposition and

Cross-Motion"), ECF No. 20, pending any further discussions between the parties on a

comprehensive briefing schedule.

**BACKGROUND**

Perenco commenced this action by filing a Petition to Enforce Arbitral Award (the

"Petition") on October 1, 2019. *See* Petition, ECF No. 1. The Petition sought recognition and

enforcement of an arbitral award (the "Award") rendered against the Republic of Ecuador

("Ecuador") by an arbitral tribunal constituted under the France-Ecuador Bilateral Investment

Treaty and the International Centre for the Settlement of Investment Disputes ("ICSID")

Convention. *See id.* On December 26, 2019, this Court issued a Minute Order staying these

proceedings at the parties' request and pending the resolution of Ecuador's application for

annulment of the Award. *See* Joint Stipulation and Order at 1–2, Dec. 9, 2019, ECF No. 7;

Minute Order, Dec. 26, 2019.

1

On May 28, 2021, the committee constituted to consider Ecuador's application for annulment issued a decision concluding the annulment proceeding and largely confirming the Award in the amounts previously reported by the parties (the "Annulment Decision").  Joint Status Report at 1–2, June 21, 2021, ECF No. 15.  On July 27, 2021, the parties submitted a Supplemental Joint Status Report informing the Court of their agreement that the net amount due to Perenco under the Award as of that day (July 27) was US$391,393,984, "subject to additional post-Award interest until full and final payment."  Supplemental Joint Status Report at 2, ECF No. 17.  On July 28, 2021, this Court granted Perenco's Unopposed Motion to Lift Stay and Ecuador's Unopposed Motion for Extension of Time, ordering Ecuador to respond to the Petition by August 9, 2021.  Minute Order, July 28, 2021.

On August 9, Ecuador filed its Partial Opposition and Cross-Motion.  ECF No. 20. Ecuador claimed that Perenco "currently owes the Republic debt of unpaid income tax in the amount of $40,845,760.13 . . . which debt has been finally adjudicated in the courts of the Republic," and asked this Court to "offset" that sum against the amount due to Perenco under the Award.  *Id.* at 1–3.  Ecuador further requested that this Court "stay enforcement of the Award against" $30,671,345.44 in alleged "[a]dditional income tax claims" against Perenco that are "currently being litigated in the courts of the Republic."  *Id.* at 2, 4.

In support of its Partial Opposition and Cross-Motion, Ecuador submitted three declarations with accompanying exhibits:  (1) a declaration by Mr. Andrés Danilo Ordóñez Córdova, the General Assistant Director for Tax Enforcement of the Internal Revenue Service of Ecuador, (2) an expert report and declaration by Professor Carlos Andrés Coronel Endara, and (3) a declaration by Ecuador's counsel Alexandre de Gramont.  *See id.* at 3.  Prof. Coronel's expert report and declaration and Mr. Ordóñez's declaration were both submitted in Spanish

together with certified English translations.[1]  Prof. Coronel's expert report attached 54 exhibits,

totaling ***2,496 pages***, while Mr. Ordóñez's declaration attached 49 separate exhibits, totaling

***2,500 pages*** (including translations in both cases).  *See* Coronel Expert Report, ECF No. 22, and

accompanying exhibits; Ordóñez Declaration, ECF No. 23, and accompanying exhibits.

Under Local Civil Rule 7(b) and (d) of the Rules of the U.S. District Court for the

District of Columbia ("Local Rules") Perenco's reply to Ecuador's opposition to the Petition is

due on August 16, 2021, one week following Ecuador's Partial Opposition and Cross-Motion,

and Perenco's opposition to Ecuador's cross-motion is due on August 23, 2021, two weeks

following Ecuador's filing.

## ARGUMENT

The parties have agreed that Perenco will submit one consolidated response to Ecuador's

Partial Opposition and Cross-Motion, and that this response will be due no earlier than August

23, 2021.  That constitutes a one-week extension to the current deadline of August 16, 2021 for

Perenco's reply to Ecuador's opposition to the Petition, and does not extend Perenco's deadline

for its opposition to Ecuador's cross-motion.  Perenco has good cause for seeking this extension,

for two reasons:

*First*, Perenco requires an extension in order to have sufficient time to address Ecuador's

voluminous Partial Opposition and Cross-Motion and the supporting report and declaration,

which span almost ***two decades*** of tax proceedings.  Ecuador has submitted thousands of pages

of briefing, exhibits, and declarations that purport to summarize and assess Perenco's liability

---

[1]  *See* Expert Report on Ecuadorian Tax Law of Carlos Andrés Coronel Endara in Support of the Republic of Ecuador's Partial Opposition to the Petition to Enforce Arbitral Award and Cross-Motion for Setoff, Aug. 10, 2021, ECF No. 22 ("Coronel Expert Report"); Declaration of Andrés Danilo Ordóñez Córdova in Support of the Republic of Ecuador's Partial Opposition to the Petition to Enforce Arbitral Award and Cross-Motion for Setoff, Aug. 10, 2021, ECF No. 23 ("Ordóñez Declaration").

under Ecuadorian law in nine Ecuadorian tax proceedings and Ecuador's overall legal framework

for income tax determination.  *See, e.g.*, Republic of Ecuador's Memorandum in Support of Its

Partial Opposition to Petition to Enforce Arbitral Award and Cross-Motion for Setoff at 14–21,

Aug. 9, 2021, ECF No. 20-1; Coronel Expert Report, ECF No. 22; Ordóñez Declaration, ECF No.

23.  Ecuador's Partial Opposition and Cross-Motion seeks to offset on that basis over $70 million,

a very significant sum.  The requested extension is necessary for Perenco to be able to review

and respond to Ecuador's voluminous filings, which will require assessing issues of Ecuadorian

and U.S. law and evaluating the accuracy of Ecuador's descriptions of the tax proceedings in

Ecuador (and corresponding translations) spanning almost 20 years.  The default deadline under

the Local Rules of just one week for a reply to Ecuador's opposition to the Petition is insufficient

to enable Perenco to review and prepare its response to Ecuador's filing and evidence.

     *Second*, Ecuador had close to *two years* to prepare and submit its extensive filing.

Ecuador submitted its Partial Opposition and Cross-Motion on August 9, 2021, over *22 months*

after Perenco filed its Petition on October 1, 2019, *15 months* following its promise "to pay the

Award unconditionally, voluntarily and in full" 60 days after the Annulment Decision,[2] and over

*2 months* following the Annulment Decision upholding the Award on May 28, 2021.  This Court

granted—and Perenco did not oppose—Ecuador's request for a 12-day extension for Ecuador's

Partial Opposition and Cross-Motion. *See* Respondent's Unopposed Motion and Memorandum

to Enlarge Time to Respond to Petition to Enforce Arbitral Award at 1, July 27, 2021, ECF No.

18.

---

[2] ICSID Case No. ARB/08/06, Annulment Proceeding, Procedural Order No. 2 ¶ 4 (citing Letter
from Mr. Richard Martínez Alvarado, Minister of Economy and Finance of the Republic of
Ecuador to the Members of the Annulment Committee, at 1-2 (20 April 2020)), attached as
Exhibit C to Joint Status Report, June 21, 2021, ECF No. 15.

The requested extension will not prejudice Ecuador, which is the award-debtor, but to the

contrary could only delay Perenco's recovery.  Indeed, Perenco does not wish to extend the

briefing schedule any longer than necessary because delay prejudices it.  That prejudice is

especially acute in this case where Ecuador has paid Perenco nothing despite the fact that it only

partially opposes Perenco's Petition for enforcement of the Award with respect to the

$71,517,105.57 amount (including interest calculated as of August 9) that it seeks to set off or

stay, and therefore does not dispute the vast majority of the net amount due to Perenco under the

Award, which the Parties agree was $391,393,984 as of July 27, 2021, and continues to accrue

additional post-Award interest until full and final payment.  *See* Supplemental Joint Status

Report at 2, ECF No. 17.  In addition, the parties have not agreed to a set briefing schedule and

there are no scheduled appearances or arguments for this matter.

The parties have conferred with respect to a briefing schedule, but have not reached

agreement as of today's date.

Counsel for Perenco has also conferred with Ecuador with respect to this Motion via

counsel of record.  Counsel for Ecuador has confirmed by email dated August 16, 2021, 6:57 PM,

that Ecuador does not object to (1) Perenco filing its opposition to Ecuador's cross-motion and

its reply to Ecuador's partial opposition to its Petition as one consolidated submission and

(2) Perenco filing that consolidated submission no earlier than August 23, 2021.  Each party

reserves its rights with respect to a comprehensive briefing schedule pending any further

discussion that the parties might have.

Perenco hereby respectfully requests that the Court grant this Motion and execute the

Proposed Order, which is attached hereto as Exhibit A.

Dated: August 16, 2021
       New York, NY

Respectfully submitted,

*/s/* Mark W. Friedman

Mark W. Friedman
D.D.C. Bar No. NY0328
mwfriedman@debevoise.com
Debevoise & Plimpton LLP
919 Third Avenue
New York, NY 10022
Phone (212) 909-6000


*Attorneys for Petitioner*
*Perenco Ecuador Ltd.*