IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PERENCO ECUADOR LTD., ) | |
| *Petitioner*, ) | |
| v. ) | Case No. 19-cv-02943-KBJ |
| THE REPUBLIC OF ECUADOR, ) | |
| *Respondent*. ) | |
| ) | |

### PETITIONER'S OPPOSITION TO RESPONDENT'S MOTION AND MEMORANDUM TO ENLARGE TIME TO FILE REPLY IN SUPPORT OF CROSS-MOTION FOR SETOFF

Petitioner Perenco Ecuador Limited respectfully requests that this Court deny the Republic of Ecuador's Motion and Memorandum to Enlarge Time to File Reply in Support of Cross-Motion for Setoff ("Extension Motion"). Ecuador has not established that there is good cause—or any cause at all—for this Court to grant Ecuador yet another extension that would *double* the amount of time that Ecuador itself sought and agreed to for its Reply and that this Court allotted in its Scheduling Order of August 20, 2021.

Despite the already enormous delay Perenco has suffered by Ecuador dragging out this dispute for more than a decade, in these proceedings Perenco has repeatedly acceded to Ecuador's requests for extensions. Although Ecuador had nearly two years to prepare its Partial Opposition and Cross-Motion, it nevertheless sought and received an extension for submitting that Opposition. The parties' agreement, which the Court embodied in its Scheduling Order, already contained another extension for Ecuador's Reply. And even though Ecuador is now seeking to revise the parties' agreement and the Court's Scheduling Order after Perenco had already abided by them and timely filed its responsive papers, Perenco even offered Ecuador an

1

additional week that would have given it a full month to prepare its Reply.  Nothing in Ecuador's Motion shows good cause for going further and fully doubling the amount of time Ecuador has to submit its Reply.

## BACKGROUND

Perenco commenced this action on October 1, 2019, to enforce an international arbitration award (the "Award") rendered against Ecuador by an arbitral tribunal constituted under the France-Ecuador Bilateral Investment Treaty and the International Centre for the Settlement of Investment Disputes ("ICSID") Convention.  *See* Petition to Enforce Arbitral Award ("Petition"), ECF No. 1.  On December 26, 2019, at the parties' request, this Court issued a Minute Order staying these proceedings pending a decision on Ecuador's application for annulment of the Award.  *See* Joint Stipulation and Order at 1–2, Dec. 9, 2019, ECF No. 7; Minute Order, Dec. 26, 2019.

On May 28, 2021, the committee constituted to consider Ecuador's application for annulment issued a decision that ended the annulment proceedings and largely confirmed the Award in the amounts previously reported by the parties (the "Annulment Decision").  Joint Status Report at 1–2, June 21, 2021, ECF No. 15; *see also* Suppl. Joint Status Report at 2, ECF No. 17.  On July 28, 2021, this Court granted Perenco's Unopposed Motion to Lift Stay and Ecuador's Unopposed Motion for Extension of Time, ordering Ecuador to respond to the Petition by August 9, 2021 rather than the previously-agreed due date of July 28.  Minute Order.

On August 9, Ecuador filed its Partial Opposition to Enforce Arbitral Award and Cross-Motion for Setoff ("Partial Opposition and Cross-Motion") requesting that the Court "offset" over $40 million that Perenco supposedly owes Ecuador in purported "finally adjudicated" tax debts and  "stay enforcement of the Award against" over $30 million in alleged "[a]dditional

2

income tax claims" against Perenco that are "currently being litigated in the courts of the Republic." ECF No. 20. Ecuador's voluminous submission included (1) a declaration by Mr. Andrés Danilo Ordóñez Córdova, the General Assistant Director for Tax Enforcement of the Internal Revenue Service of Ecuador, (2) an expert report and declaration by Professor Carlos Andrés Coronel Endara, and (3) a declaration by Ecuador's counsel Alexandre de Gramont. *See id.* at 3.[1] Prof. Coronel's report attached 54 exhibits, totaling 2,496 pages, and Mr. Ordóñez's declaration attached 49 exhibits, totaling 2,500 pages (including translations in both cases). *See* Coronel Expert Report, ECF No. 22; Ordóñez Declaration, ECF No. 23.

On August 17, 2021, this Court granted Perenco's unopposed motion for a one-week extension of the deadline for its reply to Ecuador's partial opposition to the Petition until August 23, 2021, pending "further discussions between the parties on a comprehensive briefing schedule." Pet'r's Unopposed Mot. for an Extension of Time at 1, Aug. 16, 2021, ECF No. 27. The parties then filed a Joint Motion to Modify Schedule on August 19, 2021, requesting that this Court order Perenco to file a consolidated response to Ecuador's Partial Opposition and Cross-Motion on September 20, 2021, and Ecuador to file a reply thereto on October 11, 2021. ECF No. 28. The following day, this Court issued a Scheduling Order ordering the parties to abide by the requested deadlines.

On September 20, 2021, in accordance with the parties' agreement and this Court's Order, Perenco filed its Consolidated Response to the Republic of Ecuador's Partial Opposition to Petition to Enforce Arbitral Award and Cross-Motion for Setoff ("Consolidated Response").

---

[1] *See also* Expert Report on Ecuadorian Tax Law of Carlos Andrés Coronel Endara in Supp. of the Republic of Ecuador's Partial Opp'n to the Petition to Enforce Arbitral Award and Cross-Mot. for Setoff, Aug. 10, 2021, ECF No. 22 ("Coronel Expert Report"); Decl. of Andrés Danilo Ordóñez Córdova in Supp. of the Republic of Ecuador's Partial Opp. to the Pet. to Enforce Arbitral Award and Cross-Mot. for Setoff, Aug. 10, 2021, ECF No. 23 ("Ordóñez Declaration").

ECF Nos. 29-30.  Perenco explained in its Consolidated Response that Ecuador's request for a tax set-off "fails for six independent reasons, most of which Ecuador has not even attempted to address." *Id.* at 2.  Perenco thus responded to the fact and expert evidence that Ecuador submitted, and briefed the legal issues that Ecuador's opposition presented.

Ecuador now seeks a three-week extension to the deadline for its Reply in support of its Cross-Motion for Setoff, which is ***double*** the amount of time the parties agreed on and this Court ordered in its August 20, 2021 Scheduling Order.  As Ecuador concedes, Perenco was prepared to agree to a one-week extension, but Ecuador rejected that offer.  Extension Motion at 11.

## ARGUMENT

Ecuador has not shown good cause for a further extension of time, much less one that goes beyond the additional time to which Perenco was prepared to agree and that would have given Ecuador a full month to prepare its Reply.  The additional delay Ecuador seeks would prejudice Perenco, as it agreed to file and did in fact file its Consolidated Response to Ecuador's voluminous submission within six weeks only on the condition that Ecuador then file its Reply in three weeks.

Ecuador presents no exceptional circumstance that could justify overriding the parties' earlier agreement and the Court's subsequent Order.  Ecuador claims that it needs an extension because Perenco "raised numerous novel and complex legal and factual arguments."  Extension Motion at 10.  But in reality Perenco simply briefed the legal issues Ecuador had raised—which concern the possibility of offsetting domestic tax claims against a final ICSID award—and submitted fact and expert evidence to counter the same set of facts and expert opinions that Ecuador had submitted.  Ecuador cannot have seriously thought that Perenco would simply

accept Ecuador's presentation of the law and the facts.  That Ecuador apparently failed to anticipate Perenco's arguments is not good cause for delay.

Moreover, there was nothing extraordinary about Perenco's submissions.  Perenco did not raise any new issues that go beyond the scope of Ecuador's Partial Opposition and Cross-Motion, make some collateral motion, or exceed the page limit.  Perenco simply countered Ecuador's legal and factual arguments, as is the purpose of any opposition and reply.

Ecuador also cites the "logistical hurdles faced by a foreign State whose officials and witnesses are not native English speakers," Extension Motion at 10, and claims that there is good cause for delay because Perenco submitted a "38-page fact witness statement and a 70-page expert report (both of which had to be translated into Spanish for . . . the Republic's fact witness and expert) plus 117 exhibits totaling 4,897 pages," *id.* at 1-2 (emphasis omitted).  However, Perenco understands from its translation services provider that translating the Declaration of Emmanuel Marie Patrick Colombel ("Colombel Declaration"), ECF No. 32, and the Expert Report of Carmen Amalia Simone Lasso ("Simone Report"), ECF No. 33, which amount to a combined 108 pages, should take 3-4 calendar days, and cannot justify a three-week delay.

More fundamentally, Ecuador ignores that the Colombel Declaration and Simone Report both focused on the tax proceedings that Ecuador itself first raised in its Partial Opposition and Cross-Motion and that the vast majority of the exhibits thereto are Ecuadorian legal authorities or documents arising from the Ecuadorian tax proceedings and are in Spanish.  Of the 113 exhibits attached to the Colombel Declaration and Simone Report, 101 exhibits are ***already in Spanish***.  Most of the remaining exhibits are not sufficiently relevant to the Ecuadorian tax proceedings to require translations, including Professor Simone's resume and list of publications, ECF No. 33-1, 2; Perenco's operating agreements for Blocks 7 and 21 and novations thereto, ECF No. 32-1, 2,

12, 13, ECF No. 33-7, 8, 9, 10; and the Decision on Provisional Measures in the underlying arbitration, ECF No. 32-57. Ecuador's witnesses—particularly Mr. Ordóñez, the General Assistant Director for Tax Enforcement of the Ecuadorian IRS—should not only be able to read the overwhelming majority of Perenco's exhibits, but should already be familiar with them. In addition, it appears that Mr. Coronel advertises his English language skills online.[2]

      The extension of time that Ecuador seeks would significantly prejudice Perenco. Ecuador had ***almost two years*** to file its Partial Opposition and Cross-Motion after Perenco filed its Petition on October 1, 2019 and ***over 2 months*** after the Annulment Decision on May 28, 2021. The parties then agreed that Perenco would submit its Consolidated Response to Ecuador's submission in six weeks and Ecuador would submit its Reply thereto in three weeks in order to resolve this case as quickly as possible and despite the significant legal and factual issues and substantial sums that Ecuador's Partial Opposition and Cross-Motion put at issue. *See* Joint Motion to Modify Schedule, ECF No. 28. Perenco complied with both the parties' agreement and the Court's Scheduling Order, filing its Consolidated Response, including fact and expert testimony, on September 20, 2021. It would prejudice Perenco for this Court to now permit Ecuador double the agreed-upon time after Perenco already complied with its deadline, there is no prospect for reciprocal delay, and Perenco has already agreed to allow Ecuador an additional week.

      Further delay also significantly prejudices Perenco, as the award-creditor, regardless whether interest continues to accrue. Ecuador has not paid Perenco anything at all following its breaches of contract and international law over a decade ago, despite the fact that it only partially

---

[2]    Carlos Coronel Endara Lawyer Profile, *Legal 500*, https://www.legal500.com/firms/53776-lexvalor-abogados/58085-quito-ecuador/lawyers/620381-carlos-coronel-endara-/#languages; https://perma.cc/KQ2P-3VMJ (last visited Oct. 7, 2021).

opposes Perenco's Petition as to $71,517,105.57 (including interest calculated as of August 9) that it seeks to set off or stay, and therefore does not dispute the vast majority of the net amount due to Perenco under the Award, which the Parties agree was $391,393,984 as of July 27, 2021. *See* Suppl. Joint Status Report at 2, ECF No. 17.

Perenco hereby respectfully requests that the Court deny Ecuador's Extension Motion and execute the Proposed Order, which is attached hereto as Exhibit A, or in any event not grant Ecuador an extension of more than one week.

Dated: October 7, 2021
New York, NY

Respectfully submitted,

*/s/* Mark W. Friedman

Mark W. Friedman
D.D.C. Bar No. NY0328
mwfriedman@debevoise.com
Debevoise & Plimpton LLP
919 Third Avenue
New York, NY 10022
Phone (212) 909-6000

*Attorneys for Petitioner*
*Perenco Ecuador Ltd.*

7